# EXHIBIT M

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division

November 2009

# Fact Sheet #19: The Motor Carrier Exemption under the Fair Labor Standards Act (FLSA)

Section 13(b)(1) of the FLSA provides an overtime exemption for employees who are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935, except those employees covered by the small vehicle exception described below.

Thus, the 13(b)(1) overtime exemption applies to employees who are:

1. Employed by a motor carrier or motor private carrier, as defined in 49 U.S.C. Section 13102 (see **Employer** below);
2. Drivers, driver's helpers, loaders, or mechanics whose duties affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce (see **Employee Duties** below); and
3. Not covered by the small vehicle exception (see **Small Vehicle Exception** below).

## 1. Employer

- Motor Carriers are persons providing motor vehicle transportation for compensation;

- Motor Private Carriers are persons other than motor carriers transporting property by motor vehicle if the person is the owner, lessee, or bailee of the property being transported, and the property is being transported for sale, lease, rent, or bailment, or to further a commercial enterprise.

## 2. Employee Duties

- The employee's duties must include the performance, either regularly or from time to time, of safety-affecting activities on a motor vehicle used in transportation on public highways in interstate or foreign commerce. Employees must perform such duties as a driver, driver's helper, loader, or mechanic. Employees performing such duties meet the duties requirement of the exemption regardless of the proportion of "safety affecting activities" performed, except where the continuing duties have no substantial direct effect on "safety of operation," or where such safety affecting activities are so trivial, casual, and insignificant as to be de minimis (so long as there is no change in the duties).

- Transportation involved in the employee's duties must be in interstate commerce (across State or international lines) or connect with an intrastate terminal (rail, air, water, or land) to continue an interstate journey of goods that have not come to rest at a final destination.

- Safety affecting employees who have not made an actual interstate trip may still meet the duties requirement of the exemption if:

    a) The employer is shown to have an involvement in interstate commerce; and

    b) The employee could, in the regular course of employment, reasonably have been expected to make an interstate journey or could have worked on the motor vehicle in such a way as to be safety-affecting.

- The Secretary of Transportation will assert jurisdiction over employees for a four-month period beginning with the date they could have been called upon to, or actually did, engage in the carrier's interstate activities. Thus, such employees would satisfy the duties requirement of the Section 13(b)(1) exemption for the same four-month period, notwithstanding references to the contrary in 29 C.F.R. § 782.2.

FS 19

### 3. Small Vehicle Exception

Notwithstanding the Section 13(b)(1) exemption, the overtime provisions of Section 7 of the FLSA shall apply to an employee of a motor carrier or motor private carrier in any work week that:

1. The employee's work, in whole or in part, is that of a driver, driver's helper, loader or mechanic affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles:

    (a) Designed or used to transport more than 8 passengers, including the driver, for compensation; or

    (b) Designed or used to transport more than 15 passengers, including the driver, and not used to transport passengers for compensation; or

    (c) Used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation;

    and

2. The employee performs duties on motor vehicles weighing 10,000 pounds or less.

The Section 13(b)(1) exemption does not apply to an employee in such work weeks even though the employee's duties may also affect the safety of operation of motor vehicles weighing greater than 10,000 pounds, or other vehicles listed in subsections (a), (b) and (c) above, in the same work week.

### Typical Problems

The Section 13(b)(1) overtime exemption does not apply to employees not engaged in "safety affecting activities", such as dispatchers, office personnel, those who unload vehicles, or those who load but are not responsible for the proper loading of the vehicle. Only drivers, drivers' helpers, loaders who are responsible for proper loading, and mechanics working directly on motor vehicles that are to be used in transportation of passengers or property in interstate commerce can be exempt from the overtime provisions of the FLSA under Section 13(b)(1).

The Section 13(b)(1) overtime exemption does not apply to employees of non-carriers such as commercial garages, firms engaged in the business of maintaining and repairing motor vehicles owned and operated by carriers, or firms engaged in the leasing and renting of motor vehicles to carriers.

### Where to Obtain Additional Information

For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.