# EXHIBIT O

# United States Department of Labor
## Wage and Hour Division
Wage and Hour Division (WHD)

**U.S. Department of Labor**

Wage & Hour Division
Washington D.C. 20210

November 4, 2010

FIELD ASSISTANCE BULLETIN NO. 2010-2


MEMORANDUM FOR: REGIONAL ADMINISTRATORS
                               DISTRICT DIRECTORS


FROM:            NANCY J. LEPPINK
                  Deputy Administrator


SUBJECT:       Change in Application of the FLSA § 13(b)(1) "Motor Carrier Exemption"


This memorandum clarifies the effect of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users Technical Corrections Act of 2008 (TCA), P.L. 110-244, on section 13(b)(1) of the Fair Labor Standards Act (FLSA). Effective June 6, 2008, the overtime pay exemption under section 13(b)(1) does not apply to a driver, driver's helper, loader, or mechanic in any workweek in which their work affects the safe, interstate operation of certain motor vehicles weighing 10,000 pounds or less (hereinafter referred to as "small vehicles").

Section 306 of the TCA (attached) amends the change in the section 13(b)(1) exemption made by the Safe Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users (SAFETEA-LU), P.L. 109-59 (see Field Assistance Bulletin 2007-2, May 23, 2007). This memorandum describes the TCA modification and its effect on the "four-month" rule.

TCA section 306(a) extends FLSA section 7 overtime requirements to employees covered by TCA section 306(c), notwithstanding FLSA section 13(b)(1). This means the overtime pay requirements apply to an employee of a motor carrier or motor private carrier in any workweek in which the employee works, "in whole or in part", as a driver, driver's helper, loader or mechanic affecting the safety of operation of small vehicles on public highways in interstate or foreign commerce. This exception, however, does not apply to vehicles that are:

i. Designed or used to transport more than 8 passengers (including the driver) for compensation;

ii. Designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

ii. Used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation.

Prior to TCA's enactment, drivers, driver's helpers, loaders or mechanics who performed safety-affecting duties on commercial motor vehicles under SAFETEA-LU were exempt under § 13(b)(1) for four months from the time they actually engaged in the carrier's interstate activities, or from the time they could have been called upon to engage in the carrier's interstate activities. TCA overrides the application of the "four-month" rule in any workweek an employee is covered by section 306(c).

For example, employees who performed, or could have been called upon to perform, duties affecting the safe operation of a motor vehicle in interstate commerce in any workweek are exempt from FLSA overtime requirements for the next four months, **except** for workweeks in that period in which their duties, in whole or in part, affect the safe operation of a small vehicle in interstate commerce. The phrase "in whole or in part" included in the statute means an employee who performs such duties involving small vehicles for the entire week or part of the week must receive overtime pay for hours worked over 40 in that workweek. The changes made by TCA thus extend FLSA overtime protection to some employees even when such employees are also subject to the authority of the Secretary of Transportation to set maximum hours of service. Please see attached chart for further clarification on how the TCA affects the application of the 13(b)(1) exemption.

For enforcement purposes, we will use the following standards:

- "Weighing 10,000 pounds" – WHD will continue to use the gross vehicle weight rating (GVWR) or gross combined vehicle weight rating in the event that the vehicle is pulling a trailer. The GVWR is found on the vehicle, usually on a plate on the door jamb.

- "Designed or used to transport more than 8" (or more than 15) – WHD will determine this information based on the vehicle's current design and the vehicle capacity as found on the door jamb plate. Where a vehicle's seating capacity has been **reduced**, for example by removing seats to accommodate a wheelchair, we will count the resulting seating capacity plus add 1 for each wheelchair placement. Where a vehicle's capacity has been **increased**, for example by bolting a bench seat into a cargo area, we will not count the added capacity unless the vehicle has been recertified by DOT for that purpose.

Effective June 6, 2008, WHD enforcement staff must apply the new limited scope of the section 13(b)(1) exemption described above. Fact Sheet #19 incorporates the changes in the application of section 13(b)(1) made by TCA.

Attachment: Section 306, P.L. 110-244 TCA Chart

| DRIVER, DRIVER'S HELPER, LOADER OR MECHANIC WHOSE WORK AFFECTS THE SAFE OPERATION OF MOTOR VEHICLES ON PUBLIC HIGHWAYS IN INTERSTATE OR FOREIGN COMMERCE AND PERFORMS SUCH DUTIES ON THE FOLLOWING VEHICLES: | TCA & FLSA § 13(b)(1) EXEMPT OR NONEXEMPT STATUS |
|---|---|
| **A.** Exclusively on a motor vehicle that weighs (GVWR) 10,001 pounds or more. | Exempt --> 4-month rule applies |
| **B.** Exclusively on a motor vehicle that is (regardless of weight)<br><br>1. designed or used to transport more than 8 passengers (including the driver) for compensation; or<br><br>2. designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or<br><br>3. used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation. | Exempt --> 4-month rule applies |
| **C.** On a motor vehicle that weighs 10,001 pounds or more, as well as on a motor vehicle described in **B** above in the same workweek. | Exempt --> 4-month rule applies |
| **D.** Exclusively on a motor vehicle that weighs 10,000 pounds or less (except motor vehicles described in **B** above). | Nonexempt entirely |
| **E.** On a motor vehicle that weighs 10,001 pounds or more; however, in some workweeks (whether the entire week or part of the week), also performs safety affecting duties on a motor vehicle that weighs 10,000 pounds or less (referred to as "small vehicle"). | Nonexempt in those workweeks where work is also performed on a vehicle that weighs 10,000 pounds or less (small vehicle); 4-month rule may apply in other workweeks |
| **F.** On a motor vehicle that is (regardless of weight)<br><br>1. designed or used to transport more than 8 passengers (including the driver) for compensation; or<br><br>2. designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or<br><br>3. used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation.<br><br>However, in some workweeks (whether the entire week or part of the week), also performs safety affecting duties on a motor vehicle that weighs 10,000 pounds or less ("small vehicle"). | Nonexempt in those workweeks where work is also performed on a vehicle that weighs 10,000 pounds or less (small vehicle); 4-month rule may apply in other workweeks |

For example:

An employer employs a pool of drivers, anyone of whom could be called upon to drive a truck weighing 10,001 pounds or more to transport materials to a construction site in another state. If a driver is called to drive the truck to the construction site, that driver along with the other drivers who could have been called upon to drive are exempt from overtime pay for the following four months, as described in **A** above.

However, if a driver in any workweek during the four months performs safety affecting duties on a vehicle that weighs 10,000 pounds or less ("small vehicle"), that driver alone is nonexempt for that workweek and must receive overtime pay for hours worked over 40, as described in **E** above.

SEC. 306. APPLICABILITY OF FAIR LABOR STANDARDS ACT REQUIREMENTS AND LIMITATION ON LIABILITY.

a. APPLICABILITY FOLLOWING THIS ACT.-Beginning on the date of enactment of this Act, section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1)).

b. LIABILITY LIMITATION FOLLOWING SAFETEA-LU.-

1. LIMITATION ON LIABILITY.-An employer shall not be liable for a violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) with respect to a covered employee if--

   A. the violation occurred in the 1-year period beginning on August 10, 2005; and

   B. as of the date of the violation, the employer did not have actual knowledge that the employer was subject to the requirements of such section with respect to the covered employee.

2. ACTIONS TO RECOVER AMOUNTS PREVIOUSLY PAID.--Nothing in paragraph (1) shall be construed to establish a cause of action for an employer to recover amounts paid before the date of enactment of this Act in settlement of, in compromise of or pursuant to a judgment rendered regarding a claim or potential claim based on an alleged or proven violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) occurring in the 1-year period referred to in paragraph (1)(A) with respect to a covered employee.

c. COVERED EMPLOYEE DEFINED.--In this section, the term "covered employee" means an individual-

   1. who is employed by a motor carrier or motor private carrier (as such terms are defined by section 13102 of tide 49, United States Code, as amended by section 305);

   2. whose work, in whole or in part, is defined-

      A. as that of a driver, driver's helper, loader, or mechanic; and

      B. as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles-

         i. designed or used to transport more than 8 passengers (including the driver) for compensation;

         ii. designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

         iii. used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of tide 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of tide 49, United States Code; and

   3. who performs duties on motor vehicles weighing 10,000 pounds or less.

---

The "four-month" rule stems from the Department of Transportation's Federal Motor Carrier Safety Administration's interpretation of the Motor Carrier Act of 1935, conferring that agency jurisdiction over drivers and certain other employees for a four-month period beginning with the date they could have been called upon to, or actually did, engage in the carrier's interstate activities; thus, triggering the overtime pay exemption for that period.

Back