UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YASHAE BYERS, GLORIE ETZEL and JILL JANAVIKAS, on behalf of themselves and all others similarly situated,

Plaintiffs,

No. 13-cv-15174
Hon. Gerald E. Rosen

vs.

CARE TRANSPORT, INC., a Michigan corporation,

Defendant.
_________________________________/

OPINION AND ORDER REGARDING PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION

At a session of said Court, held in the U.S. Courthouse, Detroit, Michigan on September 14, 2016

PRESENT: Honorable Gerald E. Rosen
United States District Judge

## I. INTRODUCTION

Plaintiffs Yashae Byers, Glorie Etzel and Jill Janavikas, employees/former employees of Defendant Care Transport, Inc. ("CTI"), a transportation service provider for disabled veterans, filed this FLSA action contending that they, along with a putative class of similarly-situated fellow employees, were entitled to overtime pay that Defendant refused to pay them. The parties have had more than 15 months to conduct discovery,

and cross-motions for summary judgment have already been filed and ruled upon. The matter is now before the Court on Plaintiffs' Second Motion for Conditional Certification of an FLSA Collective Action. Response, Reply and Supplemental Briefs have been filed.

Having reviewed and considered the parties' briefs, supporting documents, and the entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. BACKGROUND

As noted above, the three Plaintiffs in this action are current or former employees of CTI who all served as drivers. CTI has a fleet of 55 vehicles, including sedans, minivans and wheelchair vans used to provide non-emergency transportation to individuals to and from medical appointments. Each of the named Plaintiffs generally drove a different type of vehicle: Glorie Etzel primarily drove a sedan, occasionally drove a minivan, and never drove a wheelchair van; Jill Janavikas primarily drove a minivan, but occasionally drove a sedan or wheelchair van; and Yashae Byers primarily drove a wheelchair van, but occasionally drove a sedan or a minivan. During the period at issue here, each of the three Plaintiffs worked at least some weeks in excess of 40 hours.

On December 19, 2013, Plaintiffs filed this action asserting a single claim of FLSA Violation on behalf of themselves and as a putative class of "all current and former employees employed as transport drivers. . . who worked for at least one week in excess of forty hours but were paid only for forty hours, during the period from three years prior to the filing of this complaint to the present." [Complaint, Dkt. # 1, ¶¶ 38-45.]

After ten months of discovery, on September 24, 2015, the Court denied both parties' motions for summary judgment, holding that there remain questions of fact as to whether each Plaintiff individually qualifies for overtime under the FLSA based on the amount and timing of driving each Plaintiff did on vehicles covered by the "small vehicle exception" of the Motor Carrier Act of 1935. *See* 9/24/15 Opinion and Order, Dkt. # 31. The Court also denied as moot the Plaintiffs' earlier-filed Motion to Certify Class for FLSA Collective Action finding that the parties' previously-provided briefs on that motion were inadequate, but invited Plaintiffs to re-file the motion in light of the substantial discovery the parties had completed. The Court directed the parties when briefing the re-filed class certification motion to "take special note of the potential issue of *de minimis* work under the small vehicle exception," explaining that "[p]otential Plaintiffs may only be part of a class if their work was not so 'limited,' 'trivial,' 'casual,' or 'occasional' as to be *de minimis*," and urged the parties to address this issue, should any potential Plaintiffs present a close case as to *de minimis* work. *Id.* at n. 17 (citation omitted).

Plaintiffs thereafter filed their Second Motion for Conditional Certification of an FLSA Collective Action. With that motion pending, the Court held a final pretrial conference with the parties which revealed that several factual questions that would likely be critical in determining the scope of the class -- if any -- had still yet to be discovered. In particular, the Court noted that Plaintiffs had not by then obtained documentation identifying the total number of potential class members, the number of overtime hours worked by those potential class members, or the types of vehicles regularly driven by them, the latter of which would be critical in determining whether the drivers are eligible for FLSA overtime pay should it be determined that Defendants' wheelchair vans fall outside of the small vehicle exception of the Motor Carrier Act, as discussed at length in the Court's summary judgment opinion.

Therefore, the Court reopened the discovery period for an additional 60 days to allow the Plaintiffs to seek the documents or other information necessary to allow the parties to properly define the potential scope of the class, and particularly to determine which employees drove which CTI vehicles, and at what times they drove those vehicles. [*See* 11/12/15 Order, Dkt. # 37.] The Court further ordered the parties to file supplemental briefs after the close of the extended discovery period. *Id.*[1] The Court specifically ordered that the Plaintiffs' supplemental brief include a description of the

[1] The parties thereafter stipulated to a further 21-day extension of the discovery period and the deadline for filing supplemental briefs. [*See* 1/26/16 Stipulated Order, Dkt. # 40.]

potential class, "including the potential size of the class, the types of vehicles operated by each potential class member, and the likely damages based on the number of overtime hours worked by the potential class members." *Id.*

Plaintiffs filed their Supplementary Memorandum on January 18, 2016 and Defendant responded on January 25, 2016. Plaintiffs replied on February 9, 2016. Defendant thereafter supplemented its response with a Supplemental Memorandum on February 15, 2016.

In their Supplementary Memorandum, Plaintiffs state that they seek to certify as a potential class of current and former drivers employed by CTI after December 20, 2010 who were not paid time-and-a-half for overtime hours. Plaintiffs state that this potential class consists of 71 such current and former CTI employees.

Plaintiffs state that eight CTI drivers who drove only sedans and/or minivans worked overtime during at least one week of their employment. [*See* Dkt. # 38, p. 4.] There is no dispute that sedans and minivans fall within the "small vehicle exception" to the Motor Carrier Act, and hence, without question, the drivers who exclusively drove these small vehicles would be covered under the FLSA and could properly be included as members of a potential collective action. Plaintiffs allege that the overtime damages of these eight drivers total "at least $34,105.30, not including liquidated damages." *Id.*

Whether the remaining drivers identified in Plaintiffs' Supplementary Memorandum are sufficiently "similarly situated" to also be included in a potential class

is not so clearly established.

Plaintiffs include as part of the class for which they seek certification 37 drivers who only operated wheelchair vans. *Id.* at p. 5. Plaintiffs claim that all of these 37 drivers worked some overtime, and their overtime damages are "at least $200,480.30, excluding liquidated damages." *Id.* The remaining 18 drivers operated sedans, minivans and wheelchair vans. *Id*. Plaintiffs, however, have not specified the amount of time each driver in this last group drove each kind of vehicle, stating only that this group's "overall damages equal $117,796.94, without liquidated damages" but for the workweeks where the drivers operated sedans and/or minivans, the damages only amount to "approximately $19,580.40." *Id.*

## III. DISCUSSION

Section 216(b) of the FLSA permits individuals to sue on "their own behalf and for 'similarly situated' persons." *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 546 (6th Cir. 2006). In order to proceed as a "collective action," the plaintiffs must be actually similarly-situated and all plaintiffs must affirmatively opt into the litigation. *Id.* (citing 29 U.S.C. § 216(b) and *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989)). This is in contrast to "the opt-out approach utilized in class actions under Fed. R. Civ. P. 23." *Id*.

Though the Sixth Circuit has not expressly decided the procedure that a district court should utilize to determine whether to certify a collective action under Section

216(b), the near universal approach within this Circuit -- and across the country -- is to employ a "two-phase inquiry." *Id*. During the first stage, which generally takes place at the beginning of discovery, a court will typically "conditionally certify" a representative class upon a "modest factual showing" that a class of similarly-situated individuals exists. *Id*. at 547 (citation omitted). Courts have described this showing as "a fairly lenient standard." *See White v. Baptist Mem. Health Care Corp*., 699 F.3d 869, 877 (6th Cir. 2012). Putative class members are then notified of the action and are given the opportunity to "opt-in." *Comer*, 454 F.3d at 546. Following the close of discovery, a court will turn to the second stage and determine whether the class members are, in fact, similarly-situated by way of a decertification motion. *Id*. Lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).

This instant Motion, however, is before this Court in a slightly different procedural posture than most motions for conditional certification. Here, the motion for conditional certification was filed after the parties had fifteen months of discovery and after dispositive motions were filed and decided.

When a plaintiff has been afforded the opportunity to conduct discovery, courts have employed several approaches in deciding motions for conditional certification. Some courts simply have determined that the lenient standard does not apply, and those courts proceed directly to a second stage review. *See e.g., Pfohl v. Framers Ins. Group*,

2004 WL 554834 at * 1, *3 (C.D. Cal. Mar. 31, 2004); *Basco v. Wal-Mart Stores, Inc.,* 2004 WL 1497709 at *4 (E.D. La. July 2, 2004). Other courts have applied an intermediate standard. *See e.g., Holt v. Rite Aid. Corp*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004).

When the parties have conducted discovery on the issue of conditional certification, courts in this Circuit typically have applied a "heightened" or "more restrictive" -- but not stringent -- standard. *See, e.g., Wheeler v. City of Detroit*, 2012 WL 1119300, at *3 (E.D. Mich. Apr. 3, 2012); *Neff v. U.S. Xpress, Inc.*, 2013 WL 4479078, at *3 (S.D. Ohio Aug. 20, 2013); *Lankford v. CWL Investments, LLC*, 2014 WL 3956184 at *4 (E.D. Mich. Aug. 13, 2014). It is this heightened standard that the Court will apply in deciding the pending conditional certification motion in this case.

In *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819 (N.D. Ohio 2011), the court described the requisite showing under this heightened standard as a "modest-plus" showing. *Id*. at 826-27; *see also Neff,* 2013 WL 4479078 at *5. Under this "modest-plus" standard, the court compares the allegations set forth in Plaintiffs' Complaint with the factual record assembled through discovery to determine whether Plaintiffs have made a sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly-situated employees exists. *Id.* (quoting *Creely*, 789 F. Supp. 2d at 827). In other words, the Court will review whether Plaintiffs have "advanced the ball down the field" -- showing that it is more likely that a group of

similarly-situated individuals may be uncovered by soliciting opt-in plaintiffs. *Id.* "Plaintiffs need not have moved the ball far down the field, but they need to have shown some progress as a result of the discovery as measured against the original allegations and defenses." *Creely*, 789 F. Supp. 2d at 827. "How much progress Plaintiffs have made will be considered in conjunction with Defendant's evidence and in the context of Plaintiffs' unshifting burden to prove their claims." *Id.* However, the Court will not weigh the relative merits of the parties' claims at this conditional certification stage. *Id.* "A full and complete merits review is best preserved for the detailed and strict review conducted at stage two." *Id*.

Having set forth the above standard, a few prefatory comments are necessary to address the parties' arguments with respect to the Plaintiffs' showing in this case.

First, the Court notes that neither Plaintiffs nor Defendant have provided the Court with any concrete record evidence establishing the numbers of employees making up the various segments of Plaintiffs' putative opt-in class. All that has been presented to the Court effectively is what Plaintiffs' attorneys have represented the numbers to be in the briefs they filed. While certainly such representations of counsel, without supporting record evidence, would not be sufficient at a stage two merits review, given that Defendant has not disputed Plaintiffs' numbers, the Court accepts them at this stage.

As indicated above, in their Supplementary Memorandum, Plaintiffs seek to certify a potential class consists of 71 drivers. Thirteen of these drivers only operated

sedans or minivans, but only eight of these 13 worked at least one week of overtime. [Pl's Supp. Brief., p. 4]. 40 drivers only operated wheelchair vans, 37 of which worked some overtime during the relevant period. *Id.* at 5. The remaining 18 drivers operated sedans, minivans and wheelchair vans. *Id.* Only approximately 17% of the overtime damages of this group of mixed vehicle drivers were incurred as a result of driving sedans and/or minivans. *Id.*

Although Defendant does not dispute Plaintiffs' tabulation of the numbers of drivers in each category, Defendant argues that the Court should not consider those 40 drivers who drove wheelchair vans exclusively or those 18 mixed-vehicle drivers who spent some time driving wheelchair vans in determining whether conditional class certification is warranted. Defendant bases this argument on a DVD it submitted along with its Supplementary Memorandum showing a wheelchair van equipped for and being loaded with four wheelchairs, thereby confirming, in Defendant's view, that the wheelchair vans are "designed or used to transport more than 8 passengers, including the driver," and, hence, such wheelchair van drivers are not subject to the FLSA's overtime requirements. Therefore, Defendant maintains these drivers cannot be included in Plaintiffs' collective action.

The Court will not consider Defendant's video "evidence" in deciding the conditional certification issue. The DVD is plainly inadmissible hearsay evidence as it is being offered for the truth of its content. *See* Fed. R. Evid. 801(c)(2); 802. More

fundamental, however, is the lack of foundation and authentication for its admission.

No effort whatsoever has been made to establish an evidentiary foundation for the admission of the video. There has been no sworn deposition or affidavit testimony concerning the DVD. It is not appended to any affidavit nor was it ever addressed or even mentioned in the deposition of Defendant's owner, Sabah Rabiah. There has been no testimony or other evidence provided as to when the recording was made, where it was made, or who made it, or when it was copied to the DVD. Lacking proper foundation and authentication, the Court will not consider the DVD in deciding the matter presently before the Court.

As discussed above, at this stage of the proceedings, under a heightened "modest-plus" standard, the Court reviews this matter to determine whether Plaintiffs' have made a sufficient showing to "advance the ball down the field." "[T]he focus of the Court's inquiry at this point is 'not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to th[e] allegations that the law has been violated.'" *Creely*, 789 F. Supp. 2d at 835 (citation omitted).

At this stage, all that the Court is determining is whether the named Plaintiffs have shown that a potential class of sufficiently similarly-situated opt-in plaintiffs exists. The Court concludes that Plaintiffs have submitted sufficient evidence to support and advance their allegations. Defendant will have an opportunity to file a motion for

decertification challenging the Court's preliminary determination that the other CTI drivers Plaintiffs point to are similarly-situated after the close of the opt-in period.

## CONCLUSION

For the reasons set forth above in this Opinion and Order,

IT IS HEREBY ORDERED that Plaintiffs' Second Motion for Conditional Certification of an FLSA Collective Action [Dkt. # 34] is GRANTED. Accordingly,

The Court CONDITIONALLY CERTIFIES FOR COLLECTIVE ACTION a class of all current and former Drivers who were employed by Defendant Care Transport, Inc. after December 20, 2010, and who worked hours in excess of 40 hours per week but were not paid 1 ½ times their regular rate for overtime hours.

IT IS FURTHER ORDERED that, within 14 days of the date of this Order, Plaintiffs shall provide Notice to the conditional class members, in the form and substance of the proposed Notice appended as Exhibit 1 to Plaintiffs' Second Motion to Certify Class for Conditional FLSA Collective Action [Dkt. # 34-2].

The Court stresses here that its certification of collective action is a conditional one. After the opt-in notices have been sent, responses received and discovery concluded, the Court may decertify the conditional collective action, in whole or in part, if it cannot be shown that plaintiffs are not similarly-situated.

SO ORDERED.

s/Gerald E. Rosen
United States District Judge

Dated: September 14, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135