UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YASHAE BYERS, GLORIA ETZEL, and
JILL JANAVIKAS, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.

CARE TRANSPORT, INC.,

       Defendant.

                                    /

Case No. 2:13-cv-15174

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
JOINT MOTION FOR APPROVAL OF SETTLEMENT [49]**

This is a collective-action suit brought by drivers employed by Defendant Care Transport. Plaintiffs allege that Care Transport failed to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Ten plaintiffs opted into the action and another was added by the stipulation of the parties when the Court certified and defined the class. *See* Order, ECF No. 51. Before the Court is the parties' joint motion for approval of the settlement. In it, the parties explain why one of the opt-in plaintiffs, David Storck, should be excluded from the class. *See* Mot. 1, ECF No. 49. Ten opt-in plaintiffs remain, in addition to the three named plaintiffs.

When, as here, "employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015) (applying *Lynn's Food Stores*). "Before approving a settlement, a district court must conclude that it

is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)). Several factors guide the Court's inquiry:

(1) the risk of fraud or collusion;
(2) the complexity, expense and likely duration of the litigation;
(3) the amount of discovery engaged in by the parties;
(4) the likelihood of success on the merits;
(5) the opinions of class counsel and class representatives;
(6) the reaction of absent class members; and
(7) the public interest.

*Id.*

The Court determines that the proposed settlement is fair, reasonable, and adequate. The parties have engaged in extensive discovery and participated in settlement conferences with the Court. They have identified risks to Plaintiffs in proceeding to trial and there has been no showing or suggestion of fraud or collusion. With the Court's leave, the parties filed their plan for dispersing the proceeds of the settlement. The Court has reviewed the dispersion and finds that it is reasonable in amount and fairly divided among class members.

**WHEREFORE**, it is hereby **ORDERED** that the parties' Joint Motion for Approval of Settlement [49] is **GRANTED**, and the settlement as described in the sealed Exhibit to Motion for Approval of Settlement [52] is **APPROVED**.

**SO ORDERED**.

                                            s/Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: February 23, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2017, by electronic and/or ordinary mail.

                                          s/David P. Parker
                                          Case Manager